IN THE UNITED STATES DISTRICT COURT

FOR FLORIDA SOUTHERN DISTRICT

**ARTUR ELIZAROV**,

      Plaintiff,

vs.

**WESTSTAR MORTGAGE CORPORATION dba WESTSTAR LOAN COMPANY et al**,

      Defendants.

**Case 0:23-cv-61669-ASH-AOV**

**PLAINTIFF ARTUR ELIZAROV'S OPPOSITION TO MOTIONS FOR UNLICENSED OUT-OF-STATE ATTORNEYS' APPLICATION TO APPEAR FOR DEFENDANTS *PRO HAC VICE* [10][11]**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... 3

INTRODUCTION ....................................................................................................................... 4

STANDARD OF REVIEW ......................................................................................................... 5

ARGUMENT ............................................................................................................................... 7

I.     Wagner and his former associate Derek Bast unlawfully threatened to report Elizarov, a licensed California Real Estate Broker, to the California Department of Real Estate *unless* Elizarov paid Goldwater $675,000.00 ................................................... 7

II.    While representing Goldwater in California litigation, Wagner and his associate attorneys unlawfully represented Arizona, Georgia, and New Mexico witnesses and business associations without a license to practice law in those jurisdictions .................... 9

       A.     Wagner unlawfully represented Goldwater Bank's Arizona-based employees at their respective depositions ................................................. 9

       B.     Bast unlawfully represented New Mexico-based WestStar Mortgage Corporation in connection with a subpoena ......................................... 11

       C.     Bast unlawfully represented Georgia-based Mortgage Electronic Records Service in connection with a subpoena ................................................. 12

III.   While representing Goldwater in California litigation, Bast lied to his opposing counsel, Ilya Alekseyeff, to gain access to privileged information ................................. 13

IV.   While representing Goldwater in California litigation, Wagner tried to persuade Elizarov to make a false statement against Scott Howlett, another defendant in the case, to make Howlett's insurance company liable to pay Goldwater ............................. 15

CONCLUSION ........................................................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Big Lots Stores v. Superior Court*, 57 Cal.App.5th 773 (Cal. Ct. App. 2020)............................ 11

*Coviello* v. *State Bar,* 45 Cal.2d 57 (Cal. 1955) ...................................................... 15

*In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975) ......................................................... 6

*Monroe v. State Bar*, 55 Cal.2d 145 (Cal. 1961) ........................................................ 15

*Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553 (11th Cir. 1997)................................. 6

**Statutes**

GA Code § 15-19-50 (2020) ......................................................................... 14

**Rules**

A.R.S. Sup.Ct.Rules, Rule 31(b) .................................................................... 11

A.R.S. Sup.Ct.Rules, Rule 31.1(a) .................................................................. 11

A.R.S. Sup.Ct.Rules, Rule 31.2(a) .................................................................. 11

A.R.S. Sup.Ct.Rules, Rule 42 ...................................................................... 11

CA CD L.R. 83-3.1.2 ................................................................................. 7

Cal. R. Prof'l. Cond. 3.10(c) ....................................................................... 9

Cal. R. Prof'l. Cond. 3.10, comm. [1] ............................................................... 9

Cal. R. Prof'l. Cond. 3.10(a) ....................................................................... 9

Cal. R. Prof'l. Cond. 3.10(b) ....................................................................... 9

Cal. R. Prof'l. Cond. 3.3(a)(1),(a)(3) .............................................................. 17

Georgia Rules of Prof. Conduct, rule 5.5(c) ........................................................ 14

N.C. R. Prof. Cond. 3.3 ............................................................................ 17

N.C. R. Prof. Cond. 5.5(a) ...................................................................... 7, 10

N.M. R. Gov. Bar. 24-106 ........................................................................... 13

N.M. R. Prof'l. Cond. 16-505(D) ............................................................... 12, 13

R. Regul. FL. Bar 4-5.5............................................................................. 7

R. Regul. FL. Bar. 3 ............................................................................... 7

Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, Rule 3 ..... 7

Rules of Prof.Conduct, ER 5.5(b)(1) ............................................................... 11

## INTRODUCTION

After retaining a local attorney Dwayne Antonio Robinson to represent them in this litigation, defendants Goldwater Bank (Goldwater) and WestStar Mortgage Corporation (WestStar) seek to have two unlicensed out-of-state attorneys to represent these defendants *pro hac vice*: Sean Wagner and Gursharon K. Shergill, a named partner and associate, respectively, at Wagner Hicks, PLLC, a North Carolina law firm. Elizarov now OPPOSES these applications to because Wagner and his associates, while representing Goldwater Bank in another litigation with Elizarov, engaged in the following unethical conduct:

1.      Attorney Derek Bast, a former associate at Wagner Hicks, LLC under Wagner's supervision, sent Artur Elizarov a demand letter where Bast explicitly threatened to report Elizarov, a licensed California Real Estate Broker, to the California Department of Real Estate, unless Elizarov agreed to pay Goldwater $675,000.00, knowing that Elizarov had no violated any provisions of California Real Estate Law that might subject Elizarov to professional discipline.

2.      Wagner and his associates routinely represented Arizona, New Mexico, and Georgia witnesses and business entities without a license to practice law in those jurisdictions.

3.      Bast lied to his opposing counsel, Ilya Alekseyeff, for the calculated purpose of obtaining privileged information. During discovery, Wagner prepared a subpoena to the California Employment Development Department (EDD), which, among other things, handles "unemployment insurance" claims in California. When Alekseyeff informed Wagner that these records are privileged, Wagner conceded the objection and represented that he had recalled the subpoena. Days later, Elizarov received a copy of EDD's response to Wagner's subpoena, which means that Wagner did not stop the subpoena as he had represented to Alekseyeff. Instead, he lied to Alekseyeff in order to prevent the motion to quash but then allowed the subpoena to be served, hoping that EDD might comply and provide the records despite the objection.

4

4.     Wagner attempted to persuade Artur Elizarov, a litigant in those proceedings, to make a false statement under oath implicating another defendant in the case.

### STANDARD OF REVIEW

"[F]or purposes of admission to practice in federal court, admission to a state bar is the basic determinant of both professional and ethical qualifications. [Citation.] Admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court. An applicant for admission *pro hac vice* who is a member in good standing of a state bar may not be denied the privilege to appear except 'on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court.'"  *In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975) (internal citations omitted), cited with approval and adopted as a standard in *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553, 1559 (11th Cir. 1997).  When the application for admission is challenged, " '[i]f a District Court has evidence of behavior that it believes justifies denying an attorney admission pro hac vice,' it must give the attorney adequate notice of the ethical charges and set a hearing on the issue." *Schlumberger Technologies, supra,* at p. 1559 (internal citations omitted).  "Thus, where the district court's disqualification order is based on an allegation of ethical violation, the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power. The court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule… ." *Id*. at p. 1561 (internal citations omitted).  Finally, " '[t]his Court will "not deprive an attorney of the opportunity to practice his profession on the basis of a determination after the fact that conduct is unethical if responsible attorneys would differ in appraising the propriety of that conduct."'" *Id.* (internal citations omitted).

5

Southern Florida District Court requires all attorneys who appear in court to comply with the Rules Regulating the Florida Bar.  Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, Rule 3.  To practice law in Florida, "[a]ll members of The Florida Bar shall comply with the terms and the intent of the Rules of Professional Conduct as established and amended by [Florida Supreme Court]."  R. Regul. FL. Bar. 3.

"A lawyer may not practice law in a jurisdiction other than the lawyer's home state, in violation of the regulation of the legal profession in that jurisdiction, or in violation of the regulation of the legal profession in the lawyer's home state or assist another in doing so." R. Regul. FL. Bar 4-5.5.

Both Wagner and Shergill practice in North Carolina as their "home state."  Therefore, if Wagner or Shergill violated North Carolina Rules of Professional Conduct, these attorneys have also violated Florida Rules of Professional Conduct, making them ineligible for admission *pro hac vice*.

North Carolina Rule of Professional Conduct 5 states: "A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." N.C. R. Prof. Cond. 5.5(a).  In this case, Wagner, a partner at his namesake law firm "Wagner Hicks PLLC," previously appeared as *pro hac vice* counsel for Goldwater Bank, NA in a litigation against Elizarov in California.  Upon his admission to practice in California *pro hac vice*, Wagner became obligated to follow California Rules of Professional Conduct.  *See* N.C. R. Prof. Cond. 5.5(a); CA CD L.R. 83-3.1.2 ("each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto").

6

Therefore, if this court concludes that Wagner, while representing Goldwater Bank in the California litigation, violated California Rules of Professional Conduct, this court may find Wagner (and, therefore, his associate Shergill) unqualified for practice and deny the application.

Here, while representing Goldwater Bank in the California litigation against him, Wagner and associates under his supervision, Derek Bast and Abbey Krysak, violated four separate rules of professional conduct. Accordingly, Elizarov asks the court to find that Wagner and other attorneys from his firm are not eligible for *pro hac vice* admission and should DENY the application.

## ARGUMENT

### I.     Wagner and his former associate Derek Bast unlawfully threatened to report Elizarov, a licensed California Real Estate Broker, to the California Department of Real Estate *unless* Elizarov paid Goldwater $675,000.00

Prior to filing a lawsuit against Elizarov in California on behalf of Goldwater Bank, attorney Derk Bast, a former associate at Wagner Hicks, PLLC who practiced under Wagner's supervision, sent Elizarov a letter, which included the following language:

Plaintiff's Exhibit 1; Elizarov decl. at p. 1 ¶¶ 4. This was an unequivocal threat to report Mr.

> We are also aware that you are a real estate broker licensed to do business in the State of California (License ID # 01954357). The fact that you are a real estate professional makes your wrongful retention of the funds particularly egregious, as you are surely well aware of your rights and responsibilities to pay off lienholders on a real estate transaction. If this matter is not promptly resolved, we may bring this matter to the attention of the California Department of Real Estate.
>
> Goldwater demands the promised funds of $675,000 be immediately returned to Goldwater. I have attached a copy of the wiring instructions by which the funds can be returned to Goldwater as **Exhibit 1**. If the funds are not returned by **5:00 p.m. PST tomorrow, on April 2, 2021**, Goldwater will be initiating litigation against you to foreclose on the Loan and seek a judgment against you for the full amount of the Loan and other damages allowed by law and the Loan documents, including Goldwater's attorney's fees.

Elizarov, a licensed real estate broker, to the California Department of Real Estate *unless* Elizarov paid Bast's client, Goldwater Bank, $675,000.00.

This conduct violated California Rules of Professional Conduct.[1]

"A lawyer shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute." Cal. R. Prof'l. Cond. 3.10(a). "[T]he term 'administrative charges' means the filing or lodging of a complaint with any governmental organization that may order or recommend the loss or suspension of a license, or may impose or recommend the imposition of a fine, pecuniary sanction, or other sanction of a quasi-criminal nature… ." Cal. R. Prof'l. Cond. 3.10(b). This rule applies to any "controversy or potential controversy over the rights and duties of two or more persons under civil law, *whether or not an action has been commenced*… ." Cal. R. Prof'l. Cond. 3.10(c) (italics added).

The official comments explained this rule as follows:

> Paragraph (a) does not prohibit a statement by a lawyer that the lawyer will present criminal, administrative, or disciplinary charges, unless the statement is made to obtain an advantage in a civil dispute. For example, if a lawyer believes* in good faith that the conduct of the opposing lawyer or party violates criminal or other laws, the lawyer may state that if the conduct continues the lawyer will report it to criminal or administrative authorities. On the other hand, *a lawyer could not state or imply that a criminal or administrative action will be pursued unless the opposing party agrees to settle the civil dispute.*

Cal. R. Prof'l. Cond. 3.10, comm. [1] (italics added).

Here, Bast's letter violated this rule because Bast explicitly threatened to report Elizarov to California Department of Real Estate *unless* Elizarov agreed to pay Bast's client, Goldwater Bank, $675,000.00.

Therefore, the court should find that even before applying for admission *pro hac vice* in California, Wagner had already violated California Rules of Professional Conduct and should

---

[1]    Although North Carolina does not have a similar rule, Florida does.  *See R.* Regul. FL. Bar 4-3.4(g),(h).

DENY Wagner's and his new associate [name's] application to appear *pro hac vice*.

## II.    While representing Goldwater in California litigation, Wagner and his associate attorneys unlawfully represented Arizona, Georgia, and New Mexico witnesses and business associations without a license to practice law in those jurisdictions

While representing Goldwater Bank *pro hac vice* in California litigation, Wagner and his associates also represented individuals and business in Arizona, Georgia, and New Mexico. Since neither Wagner nor his associates Bast or Krysak were licensed in these three jurisdictions, representing these witnesses and businesses constituted unauthorized practice of law in those jurisdictions, which violated Rule5.5(a). N.C. R. Prof. Cond. 5.5(a) ("A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.")

*A.    Wagner unlawfully represented Goldwater Bank's Arizona-based employees at their respective depositions*

On September 9, 2022, defendants in Goldater Bank's California litigation took the deposition of Peter Hill, Goldwater Bank's President and Chief Credit Officer, who testified in his individual capacity and *not* as Goldwater Bank's representative under Fed. R. Civ. P. 30(b)(6). During that deposition, attorneys Wagner and Bast appeared as counsel for Goldwater Bank. However, during the course of the deposition, counsel repeatedly conferred with Hill during the breaks, in some instances causing the witness to change his testimony. Plaintiff's Exhibit 3 at p. 9 (highlighted text), Plaintiff's Exhibit 9 at p. 26, Plaintiff's Exhibit 10 at p. 19, Alekseyeff decl. at p. 2-3 ¶¶ 6-9, 15, 16.

When the parties subsequently scheduled depositions of Goldwater Bank's employees Shaw and Eggli, attorneys Wagner explicitly advised attorney Alekseyeff that he would represent both his client Goldwater Bank *and its Arizona-based employee* at that deposition. Plaintiff's Exhibit 2 at p. 7-8, Alekseyeff decl at p. 3 ¶ 17. After attorney Alekseyeff advised Wagner that

his *pro hac vice* privilege did not permit him to represent Goldwater Bank's individual employees, Plaintiff's Exhibit 2 at p. 7, Wagner proceeded to represent Goldwater Bank's Arizona-based employees Shaw and Overbeck at these witnesses' individual depositions.  Plaintiff's Exhibit 11 at p. 34, Plaintiff's Exhibit 12 at p. 37, Alekseyeff decl at p. 4 ¶¶ 19-25.

By representing witnesses Hill, Shaw, and Overbeck at their individual depositions, attorney Wagner committed an unauthorized practice of law.

The court order granting Wagner permission to represent Goldwater Bank, NA *pro hac vice* did not also permit Wagner to represent the bank's *individual employees* at their respective depositions.  *See Big Lots Stores v. Superior Court*, 57 Cal.App.5th 773, 776 (Cal. Ct. App. 2020) (*pro hac vice* privilege to represent a corporation does not permit the attorney to represent the corporation's current and former employees).  Therefore, to represent these Arizona-based witnesses, Wagner and his associates had to comply with Arizona law.

In general, Arizona does not allow a person to practice law unless the person is licensed in the State of Arizona.  A.R.S. Sup.Ct.Rules, Rule 31.1(a), 31.2(a); A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 5.5(b)(1). " 'Practice of law' means providing legal advice or services to or for another by: (1) preparing or expressing legal opinions to or for another person or entity; [or] (2) representing a person or entity in a judicial, quasi-judicial, or administrative proceeding, or other formal dispute resolution process such as arbitration or mediation."  A.R.S. Sup.Ct.Rules, Rule 31(b).  Arizona also authorized out-of-state attorneys to provide legal services "on a temporary basis" if (among other things) the unlicensed attorney associates "with a lawyer who is admitted to practice in Arizona *and who actively participates in the matter… .*"  Rule 31.3(e)(6)(B); A.R.S. Sup.Ct.Rules, Rule 42, Rules of Prof.Conduct, ER 5.5(c) (italics added).

By representing Goldwater Bank's Arizona-based employees, Wagner (who represented

Hill and Shaw) and Wagner and Krysak (who represented Overbeck) engaged in the practice of law because they advised Hill, Shaw, and Overbeck at their respective depositions. And since these attorneys were not licensed in Arizona, Plaintiff's Exhibit 13 at p. 42, Plaintiff's Exhibit 14 at p. 46, Plaintiff's Exhibit 15 at p. 51Alekseyeff decl. at p. 4-5 ¶¶ 26-29, nor associated with an Arizona-licensed attorney who actively participated in the manner, Wagner and Krysak engaged in the unauthorized practice of law, a disbarable offense under Cal. R. Prof'l. Cond. 5.5(b) and N.C. R. Prof. Cond. 5.5(b).

B.    *Bast unlawfully represented New Mexico-based WestStar Mortgage Corporation in connection with a subpoena*

On May 6, 2022, attorney Ryan Thomason (who represented defendant Scott Howlett in Goldwater's California litigation, 5:21-cv-616) issued a subpoena *duces tecum* to WestStar Mortgage Corporation, a New Mexico corporation with the principal place of business in Albuquerque, North Carolina, which has never been a party to that case. Alekseyeff decl. at p. 6-7 ¶¶ 46-47, 50; Plaintiff's Exhibit 19 at p. 61; Plaintiff's Exhibit 21 at p. 74. On July 20, 2022, attorney Derek Bast of Wagner Hicks, PLLC responded to Mr. Thomason's subpoena and explicitly represented that Bast and his firm represented WestStar Mortgage Corporation. Alekseyeff decl. at p. 7 ¶¶ 48-49; Plaintiff's Exhibit 20 at p. 72:

> Please be advised that we represent Weststar Mortgage Corporation ("Weststar") in regards to the third-party subpoena (the "Subpoena") issued to it in the above-referenced litigation by you on behalf of Defendants Howlett and Bank of the West. Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, this letter serves as Weststar's objections and response to the subpoena.

Bast's conduct constituted an unauthorized practice of law.

Like most states, New Mexico does not permit unlicensed persons to practice law in the state. N.M. R. Prof'l. Cond. 16-505(D). New Mexico allows out-of-state attorneys to provide services "on a temporary basis" if the unlicensed attorney associates with a lawyer who is admitted

to practice in this jurisdiction *and who actively participates in the matter*," N.M. R. Prof'l. Cond. 16-505(D) (italics added), and obtains a registration certificate from the State Bar of New Mexico, N.M. R. Gov. Bar. 24-106.  At the time Bast send the letter on WestStar's behalf, Bast, Wagner, and Krysak were not admitted to prac5tice law inn New Mexico, Alekseyeff decl. at p. 7 ¶¶ 51,52, nor did they register with the State Bar of New Mexico because the letter did not display Court Authorized Identification (CID) Number, which the Supreme Court issued to attorneys authorized to practice law in New Mexico on a temporary basis.[2]

Therefore, when Bast represented the New Mexico-based WestStar Morgtage Corporation, Bast committed unauthorized practice of law, a disbarable offense under Cal. R. Prof'l. Cond. 5.5(b) and N.C. R. Prof. Cond. 5.5(b).

C.    *Bast unlawfully represented Georgia-based Mortgage Electronic Records Service*
      *in connection with a subpoena*

On August 29, 2022, Alekseyeff issued a subpoena *duces tecum* to Mortgage Electronic Registration Systems, Inc., a subsidiary of MERSCORP Holdings, Inc., a Georgia-based corporation (MERS).  Alekseyeff at p. 8 ¶¶ 53-56; Plaintiff's Exhibit 22 at p. 77; Plaintiff's Exhibit 23 at p. 81; Plaintiff's Exhibit 24 at p. 82.  On September 15, 2022, Derek Bast responded on MERS' behalf *as counsel for MERS* and objected to the subpoena.  Alekseyeff decl. at p. 8 ¶¶ 57-58; Plaintiff's Exhibit 25 at p. 83.

Bast's conduct, once again, constituted unauthorized practice of law.

Georgia makes it unlawful for unlicensed persons "To practice or appear as an attorney at law for any person other than himself…before any judicial body; To make it a business to practice

---

[2]    See https://supremecourt.nmcourts.gov/supreme-court/for-attorneys/caid-numbers/, https://www.nmcourts.gov/e-filing/for-out-of-state-attorneys/

as an attorney at law for any person other than himself in any of such courts; … To render or furnish legal services or advice; To furnish attorneys or counsel; [and] To render legal services of any kind in actions or proceedings of any nature… ."  GA Code § 15-19-51 (2020).  Georgia defines "practice of law" as follows: "Representing litigants in court and preparing pleadings and other papers incident to any action or special proceedings in any court or other judicial body; … The giving of any legal advice; and Any action taken for others in any matter connected with the law."  GA Code § 15-19-50 (2020).  Like other states, Georgia also allows out-of-state attorneys to practice law in Georgia on a temporary basis if the out-of-state attorney (among other things) associates "with a lawyer who is admitted to practice in this jurisdiction and *who actively participates in the matter*… ."  Georgia Rules of Prof. Conduct, rule 5.5(c) (italics added) (italics added).

At the time Bast responded to Alekseyeff's subpoena on behalf of MERS, Bast was not admitted to practice in Georgia nor acted in association with a licensed attorney who actively participated in the case.  Therefore, Bast committed unauthorized practice of law, a disbarable offense under Cal. R. Prof'l. Cond. 5.5(b) and N.C. R. Prof. Cond. 5.5(b).

#      #      #

Based on these repeated instances of misconduct, the court should find that Wagner and his associates are not eligible for practice before this court *pro hac vice* and should DENY the pending application for admission *pro hac vice.*

## III.   While representing Goldwater in California litigation, Bast lied to his opposing counsel, Ilya Alekseyeff, to gain access to privileged information

On August 4, 2022, Derek Bast of Wagner Hicks, PLLC issued a subpoena *duces tecum* to California Employment Development Department (EDD).  Alekseyeff decl. at p. 9 ¶ 59; Plaintiff's

Exhibit 26 at p. 85.  Immediately after receiving the subpoena on August 5, 2022, Alekseyeff contacted Bast and Wagner, explaining that the EDD materials were *absolutely privileged* under California law, and indicated that Alekseyeff would seek *ex parte* order staying the subpoena. Alekseyeff decl. at p. 9 ¶ 60, 61; Plaintiff's Exhibit 27 at p. 91; Plaintiff's Exhibit 28 at p. 94. When Alekseyeff spoke to Bast on the phone regarding the subpoena the next Monday, August 8, 2022, Bast conceded that the EDD materials were privileged and assured Alekseyeff that Bast had stopped the serviced of the subpoena, making Alekseyeff's forthcoming motion to quash unnecessary.  Alekseyeff decl. at p. 9 ¶¶ 63-95; Plaintiff's Exhibit 29 at p. 96.  But then on August 11, 2022, the EDD *responded* to the subpoena, raising the same objections that Alekseyeff identified in his earlier communications to Bast.  Alekseyeff decl. at p. 10 ¶ 66; Plaintiff's Exhibit 30 at p. 97.  Since EDD would not have responded to a subpoena unless EDD received the subpoena, this letter means that Bast did not stop the service of the subpoena as he represented to Alekseyeff.  Rather, Bast lied to Alekseyeff as the means of stopping Alekseyeff from filing the motion to quash but allowed the subpoena to be served, hoping that EDD would respond and provide the records despite Alekseyeff's objections.

These actions were unlawful and unethical.  In California, "[i]ntentionally deceiving opposing counsel is ground for disciplinary action."  *Monroe v. State Bar*, 55 Cal.2d 145, 152 (Cal. 1961) (citing *Coviello* v. *State Bar,* 45 Cal.2d 57, 65-66 (Cal. 1955)).  Here, after issuing a subpoena to EDD and realizing that the motion to quash, which Alekseyeff had planned to file, would be successful because the records sought were privileged, Bast deliberately lied to Alekseyeff when Bast said that Bast had stopped the service of the subpoena.  Bast clearly did not stop the service.  Rather, he allowed the subpoena to be served, hoping that EDD might comply and produce the documents.

Therefore, Bast violated California ethical principles, a disbarable offense.

**IV.  While representing Goldwater in California litigation, Wagner tried to persuade Elizarov to make a false statement against Scott Howlett, another defendant in the case, to make Howlett's insurance company liable to pay Goldwater**

In the California litigation, Goldwater sued Elizarov for (among other things) breach of contract.  After lending Elizarov funds to purchase a house, the incompetent Goldwater failed to record its Deed of Trust.  When Elizarov sold the house to Scott Howlett, Elizarov refused to pay Goldwater the entire outstanding balance of the loan because Goldwater had failed to give Elizarov the contractual notice of acceleration and insisted on continuing to pay Goldwater monthly.  In addition to suing Elizarov, however, Goldwater *also* sued Howlett, claiming without any evidence that despite the California race-notice statute, the house remained subject to the unrecorded lien because Howlett somehow *knew* about the unrecorded deed of trust.  Therefore, to make its case against Scott Howlett (and his title insurance company), Goldwater needed evidence showing that Howlett *knew* about Goldwater's unrecorded deed of trust.  Alekseyeff decl. at p. 5 ¶¶ 30-33.

During the California litigation, Alekseyeff routinely used a cell phone ending in "6342" to communicate with Goldwater's counsel.  Alekseyeff decl. at p. 6 ¶ 34.  Alekseyeff had that number as part of a "family wireless plan" from Verizon, which will billed to Alekseyeff's registered domestic partner Elizarov.  Alekseyeff decl. at p. 6 ¶ 35

At 8:13 am[3] on October 17, 2022, Wagner asked Alekseyeff for a quick informal conference on the phone.  Although Alekseyeff was in a homicide trial, Alekseyeff agreed to take Wagner's call and instructed Wagner to call Alekseyeff's cell phone ending in 6342.  Alekseyeff decl. at p. 6 ¶¶ 36-38; Plaintiff's Exhibit 17 at p. 58.  During the call, which lasted forty-two

---

[3]    Unless otherwise specified, all the referenced times are Pacific.

15

minutes, Wagner explicitly asked Alekseyeff to have Elizarov say that Howlett knew about Goldwater's unrecorded deed of trust.  Alekseyeff decl.. at p. 6 ¶ 39, 42; Plaintiff's Exhibit 16 at p. 56.  Wagner stated that this testimony would make Howlett's title insurance liable to Goldwater and would assist in settling the case.  Alekseyeff declined Wagner's suggestion because Elizarov had never told Howlett (or anyone else connected to Elizarov's sale transaction) that Goldwater's deed of trust was unrecorded.  Alekseyeff decl. at p. 6 ¶ 40.  Alekseyeff also reminded Wagner that Elizarov discovered that Goldwater's deed of trust was unrecorded on the same day and at the same time when Goldwater discovered the fact: March 25, 2021, four days prior to the scheduled closing on March 29, 2021.  Alekseyeff decl. at p. 6 ¶ 41.  Alekseyeff then immediately reported Wagner's efforts to extract a false statement to Elizarov who similarly refused to make any false statements against Howlett.  Alekseyeff decl. at p. 7 ¶¶ 43,44; Plaintiff's Exhibit 17 at p. 60.  Alekseyeff eventually reported Wagner's conduct to counsel for Howlett on November 15, 2022.  Alekseyeff decl. at p. 7 ¶ 45.

Wagner's conduct violated California Rules of Professional Conduct.  Both California and North Carolina rules of professional conduct prohibit attorneys to "knowingly make a false statement of fact…to a tribunal" or to "offer evidence that the lawyer knows to be false."  *See* Cal. R. Prof'l. Cond. 3.3(a)(1),(a)(3); N.C. R. Prof. Cond. 3.3(a)(1),(a)(3).  Here, by attempting to persuade Elizarov to make a false statement against another defendant in civil litigation, Wagner violated this rule.

Therefore, Wagner and his associates should not be permitted to appear in this action *pro hac vice.*

## CONCLUSION

Plaintiff Artur Elizarov OPPOSES the unlicensed attorney's Wagner and Shergill applications to appear for defendants Goldwater and WestStar *pro hac vice*.  During litigation

between Goldwater and Elizarov in California, Wagner and other attorneys at his namesake firm "Wagner Hicks, PLLC," engaged in four separate types of misconduct.  First, Wagner's associate, Derek Bast, unlawfully threatened to report Elizarov, a licensed broker, to the licensing authority unless Elizarov paid Goldwater $675,000.   Second, Wagner and other attorneys engaged in unauthorized practice of law when they represented Arizona-based witnesses, Georgia-based corporation, and New Mexico-based corporation.  Third, Bast deliberately lied to Elizarov in order to gain access to privileged information.  And finally, Wagner attempted to persuade Elizarov to provide false information against another defendant in that litigation.

   For all these reasons, the court should find that Wagner and Shergill are UNSUITABLE for admission *pro hac vice* and should DENY their respective applications.

Dated: 08/31/23        LOIA, INC.


*Ilya Alekseyeff*
_____
ILYA ALEKSEYEFF (Florida Bar 1030727)
 Email: ilya@loia.legal
LOIA, INC.
801 S HOPE ST PH-14
LOS ANGELES, CA 90017
TEL: 213.537.4592

*Attorney for plaintiff Artur Elizarov*