IN THE UNITED STATES DISTRICT COURT
FOR FLORIDA SOUTHERN DISTRICT

| | |
|---|---|
| **ARTUR ELIZAROV,**<br><br>      Plaintiff,<br><br>vs.<br><br>**WESTSTAR MORTGAGE CORPORATION dba WESTSTAR LOAN COMPANY et al,**<br><br>      Defendants. | Case 0:23-cv-61669-ASH-AOV |

**PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEY DWAYNE A. ROBINSON AND HIS FIRM KOZYAK TROPIN THROCKMORTON FROM REPRESENTING BOTH DEFENDANTS WESTSTAR MORTGAGE CORPORATION AND GOLDWATER BANK, NA BASED ON A NON-WAIVABLE CONCURRENT CONFLICT OF INTEREST**

# MOTION

Plaintiff Artur Elizarov, by and through his counsel Ilya Alekseyeff, moved for an ORDER that attorney Dwayne Robinson and his firm Kozyak Tropin Throckmorton shall not continue to represent both defendants WestStar Mortgage Corporation and Goldwater Bank, NA because of a non-waivable concurrent conflict of interest.

Attorney Ilya Alekseyeff certified that as counsel for the moving party, he conferred with all parties who may be affected by the relief sought in the motion in good faith effort to resolve the issues raised in the motion but has been unable to do so.  L.R. 7.1(a)(3).

Dated: 09/07/23

*Ilya Alekseyeff*
ILYA ALEKSEYEFF (Florida Bar 1030747)
ilya@loia.legal
LOIA, INC.
801 S Hope St PH-14
Los Angeles, CA 90017
Tel: (213)537-4595

*Attorney for plaintiff Artur Elizarov*

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................3

TABLE OF AUTHORITIES ...........................................................................................................4

MOTION..........................................................................................................................................2

INTRODUCTION ...........................................................................................................................3

ARGUMENT ...................................................................................................................................6

    I.     An attorney may not concurrently represent two clients in the litigation who may have claims against one another ........................................................................................6

    II.    Because of an agency relationship between them, Goldwater and WestStar may have claims against one another to recover damages that either may owe to Elizarov ...........................................................................................................................8

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

### Cases

*Boca Raton Reg'l Hosp., Inc. v. Williams*, 230 So. 3d 42 (Fla. Dist. Ct. App. 2017) ...................... 8

*Certain Lands, Etc., v. City of Coronado Beach*, 128 Fla. 884 (Fla. 1937) .................................... 8

*Florida Bar v. Roberto*, 59 So. 3d 1101 (Fla. 2011) ........................................................................ 7

*GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755 (11th Cir. 1987) ......................................... 9

*Herschowsky v. Guardianship of Herschowsky*, 890 So.2d 1246 (Fla. 4th DCA 2005) ................ 8

*Home Ins. Co. v. Crawford Co.*, 890 So. 2d 1186 (Fla. Dist. Ct. App. 2005) ................................. 9

*In re Amend. to Rules Regul. Florida Bar*, 933 So. 2d 417 (Fla. 2006) ......................................... 6

*Kaczmarek v.* Kelly, 479 So. 2d 222 (Fla. Dist. Ct. App. 1985) ...................................................... 9

*Occidental Fire Cas. v. Stevenson,* 370 So. 2d 1211 (Fla. Dist. Ct. App. 1979) ............................ 9

*Siddhartha Pagidipati v. Vyas*, 353 So. 3d 1204 (Fla. Dist. Ct. App. 2022) .................................. 7

*State v. De La Osa*, 28 So. 3d 201 (Fla. Dist. Ct. App. 2010) ......................................................... 8

*The Fla. Bar v. Moore,* 194 So.2d 264 (1966) ................................................................................. 7

### Rules

R. Regul. FL. Bar 1-10.1 ................................................................................................................. 6

R. Regul. FL. Bar 4-1.10 ................................................................................................................. 8

R. Regul. FL. Bar 4-1.7 ............................................................................................................... 6, 7

Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, Rule 3 ..... 6

### Treatises

Restatement (Second) of Agency § 438 (1958) ............................................................................ 10

## INTRODUCTION

Plaintiff Artur Elizarov has sued defendants WestStar Mortgage Corporation (WestStar) and Goldwater Bank, NA (Goldwater) for unfair debt collection practices and Truth in Lending Act (TILA) violations, respectively. Elizarov alleged that while acting as Goldwater's agent in attempting to collect a mortgage loan from Elizarov, WestStar attempted to collect unauthorized amounts, *to wit*: attorney's fees, late fees, and interest. Goldwater, in turn, is alleged to have violated TILA when Goldwater failed to deliver to Elizarov monthly mortgage statements since April of 2021. Although separate legal entities (Goldwater is an Arizona-based National Bank; WestStar is a New Mexico-based corporation), both defendants hired Florida-based Kozyak Tropin Throckmorton and its partner Dwayne Robinson to represent them in this litigation. But because of the agency relationship between Goldwater and WestStar, Goldwater may have a claim against WestStar for breach of contract and negligence, while WestStar may have a claim against Goldwater for indemnity and contribution. And since attorney Robinson may not advise one of his clients to make a claim against the other of his clients in the same litigation, attorney Robinson (and his entire law firm) have a non-waivable concurrent conflict of interest, precluding attorney Robinson from continuing to represent *both* Goldwater and WestStar.

Before filing this motion, Elizarov's counsel, Ilya Alekseyeff, reached out to attorney Robinson to address this issue. After Alekseyeff provided Robinson with case authorities and explained the nature of the conflict, Robinson responded that he disagreed with Elizarov's position but provided no authority to support his disagreement. Accordingly, Elizarov had to bring this motion, which the court should GRANT to preserve the integrity of the legal profession.

5

**ARGUMENT**

**An attorney may not concurrently represent two clients in the litigation who may have claims against one another**

Florida Southern District Federal Court requires all members in good standing of the court to comply "with all requirements of the Rules Regulating The Florida Bar, as promulgated by the supreme Court of Florida." Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, Rule 3. The Rules Regulating The Florida Bar, in turn, require all attorneys to "comply with the terms and the intent of the Rules of Professional Conduct… ." R. Regul. FL. Bar 1-10.1.

Florida Rules of Professional Conduct direct that "a lawyer must not represent a client if: (1) the representation of 1 client will be directly adverse to another client; or (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." R. Regul. FL. Bar 4-1.7(a). This rule applies "where the lawyer's responsibilities of loyalty and confidentiality of the other client might be compromised." *In re Amend. to Rules Regul. Florida Bar*, 933 So. 2d 417, 439 (Fla. 2006). A conflict may arise, for example, "when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client. Subdivision (b) addresses such situations." *Id.* Accordingly,

> [A]n attorney may not represent conflicting interests in the same general transaction, no matter how well-meaning his motive or *however slight* such adverse interest may be. *The rule in this respect is rigid,* because it is designed not only to prevent the dishonest practitioner from fraudulent conduct but also to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to an attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interest which he should alone represent.

*The Fla. Bar v. Moore,* 194 So.2d 264, 269 (1966) (italics added).  This rule exists because "loyalty and independent judgment are essential elements in the lawyer's relationship with a client. [Citations.]  This loyalty may be impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action on behalf of his or her client because of the lawyer's other interests." *Florida Bar v. Roberto*, 59 So. 3d 1101, 1104 (Fla. 2011).

Although informed written consent from both affected clients may, under certain circumstances, resolve the conflict, representations involving "the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal" presents a non-waivable conflict.  R. Regul. FL. Bar 4-1.7(b)(3).

"In most cases, a stranger to the attorney-client relationship lacks standing to seek disqualification." *Siddhartha Pagidipati v. Vyas*, 353 So. 3d 1204, 1211 (Fla. Dist. Ct. App. 2022).  However, this rule is subject to an exception for cases involving concurrent representation:

> [T]he Rules of Professional Conduct contemplate that "under certain circumstances someone other than the client may request disqualification." [Citationn.]  Consequently, "the required analysis does not always turn on present or former representation of the party seeking disqualification." [Citation.]
>
> Instead, "where a conflict 'is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question.'" [Citations.]
>
> One such recognized category in which "someone other than a client or former client may move for disqualification i[s] instances involving conflicts of interest in simultaneous representations." [Citation.]  That exception exists in part "[b]ecause ... conflict of interest in simultaneous representation ... can be clearly seen by persons other than clients." [Citation.]

*Siddhartha Pagidipati v. Vyas*, 353 So. 3d 1204, 1211-1212 (Fla. Dist. Ct. App. 2022).

"Due to the gravity of the rights involved, including the party's right to counsel and the attorney's right to freely practice law, 'disqualification of counsel "is an extraordinary remedy

7

and should only be resorted to sparingly.'" [Citation.] Nonetheless, 'courts should not hesitate to disqualify an attorney where the circumstances justify such a severe remedy.' [Citation.]" *Id.* at p. 1211.

"The party seeking disqualification of counsel has the burden of proving that disqualification is necessary." *State v. De La Osa*, 28 So. 3d 201, 203 (Fla. Dist. Ct. App. 2010) (citing *Herschowsky v. Guardianship of Herschowsky*, 890 So.2d 1246, 1247 (Fla. 4th DCA 2005).)

When a lawyer is disqualified from representing a client under Rule 4-1.7, none of the other lawyers in the same firm may knowingly represent that client. *Boca Raton Reg'l Hosp., Inc. v. Williams*, 230 So. 3d 42, 45 (Fla. Dist. Ct. App. 2017) (citing R. Regul. FL. Bar 4-1.10(a)).

### Because of an agency relationship between them, Goldwater and WestStar may have claims against one another to recover damages that either may owe to Elizarov

WestStar is alleged to have acted as an agent for Goldwater. Therefore, these defendants' respective liabilities to each other are governed by the basic principles of agency.

" 'It is the privilege of the principal to give instructions and the duty of his agent to obey them. Any unauthorized deviation from or neglect of the principal's instructions whereby damage results will entitle him to an action against the agent, even though the latter in deviating from or neglecting to obey instructions, acted in good faith and honestly believed he was acting for the best interest of his principal.'" *Certain Lands, Etc., v. City of Coronado Beach*, 128 Fla. 884, 890-91 (Fla. 1937) (internal citations omitted). So, " '[[w]]hen a[n] agent acts negligently so as to cause its principal to become liable to a third person, the principal may bring an action against the agent either in tort or for breach of contract.'" *Home Ins. Co. v. Crawford Co.*, 890 So. 2d

8

1186, 1188 (Fla. Dist. Ct. App. 2005) (single bracket as in the original) (citing *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 759 (11th Cir. 1987)).  *See also Kaczmarek v. Kelly*, 479 So. 2d 222, 223 (Fla. Dist. Ct. App. 1985) ("the general rule in Florida [is] that principals may sue their agents for negligent acts done pursuant to an agency relationship.")

On the other hand, "the principal has a duty to indemnify the agent where the agent…suffers a loss which, because of their relation, it is fair that the principal should bear." Restatement (Second) of Agency § 438 (1958); *see also Occidental Fire Cas. v. Stevenson,* 370 So. 2d 1211, 1213 (Fla. Dist. Ct. App. 1979) (adopting Restatement (Second) of Agency as the rule).

Under these principles, if Elizarov establishes that WestStar and Goldwater broke the law (i.e., WestStar unlawfully attempted to collect amounts that Elizarov was not liable for, and Goldwater failed to provide Elizarov with the mandatory monthly mortgage statements), then these defendants may seek indemnity from one another for the damages.  For example, if Goldwater asserts that its servicing agent WestStar failed to send Elizarov his monthly mortgage statements (which is the asserted basis for Goldwater's liability) contrary to Goldwater's explicit instructions, then Goldwater may recover its damages from WestStar.  On the other hand, if WestStar claims that WestStar continued to assess late fees, attorney's fees, and interest based on Goldwater's explicit instructions, then WestStar could recover its losses from Goldwater.

But because attorney Robinson is representing both WestStar and Goldwater, Robinson may *not* discuss these defendants' potential liability to one another nor advise either of his clients to bring a claim against the other. *See Florida Bar, supra*, 59 So. 3d at p 1104.  In other words, each defendant's potential claim against the other to recover that defendant's share of Elizarov's damages creates a quintessential conflict of interest for Robinson who cannot advise either of his

9

current clients about these issues without violating his duty of loyalty to both. Therefore, each defendant is entitled to independent advice from a conflicts-free counsel, which Robinson (and others in his firm) may not provide.

Accordingly, the court should find that Robinson has a non-waivable conflict of interest, which precludes Robinson from simultaneously representing both WestStar and Goldwater in these proceedings, should GRANT this motion, and should ORDER Robinson to withdraw from the case.[1]

## CONCLUSION

Even with clients' consent, attorneys may not, in the same litigation, represent two parties who may have claims against each other. Here, WestStar and Goldwater may have claims against one another to recover damages that each may have to pay Elizarov. But because Robinson represents both these defendants, he cannot, without violating his duty of loyalty, advise either defendant about a claim that each may have against the other. Therefore, the court should find that Robinson (and other attorneys in his firm) have a non-waivable conflict of interest, should GRANT this motion, and should ORDER Robinson to withdraw from the case.

Dated: 09/07/23

*Ilya Alekseyeff*
ILYA ALEKSEYEFF (Florida Bar 1030747)
ilya@loia.legal
LOIA, INC.
801 S Hope St PH-14
Los Angeles, CA 90017
Tel: (213)537-4595

*Attorney for plaintiff Artur Elizarov*

---

[1] Although Robinson may not continue to represent both WestStar and Goldwater in this case, Robinson may, with written informed consent from the "dropped" client, continue to represent the other. R. Regul. FL. Bar 4-1.9(a) (a lawyer may represent a former client in adverse proceedings with the former client's informed consent).