IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ARTUR ELIZAROV,<br>        Plaintiff,<br><br>v.<br><br>WESTSTAR MORTGAGE CORPORATION also known as WESTSTAR LOAN COMPANY and GOLDWATER BANK, N.A.,<br>        Defendants. | Case No. 23-CV-61669-AHS |

## REPLY IN SUPPORT OF WAGNER AND SHERGILL MOTIONS TO APPEAR *PRO HAC VICE*

Attorney Dwayne Robinson, local counsel for Defendants, Weststar Mortgage Corporation ("Weststar") and Goldwater Bank, N.A. ("Goldwater", collectively, "Defendants"), moved this Court to admit attorneys Sean Wagner ("Wagner Motion") and Gursharon Shergill ("Shergill Motion", collectively, the "Motions"), of Wagner Hicks PLLC, *pro hac vice* on August 31, 2023. ECF Nos. 10, 11. Less than three hours later, Plaintiff frivolously opposed these motions with a seventeen (17) page Opposition to Motions for Unlicensed Out-of-State Attorneys' Application to Appear for Defendants *Pro Hac Vice* (the "Opposition"). ECF No. 12; *see id*. (including thirty (30) exhibits spanning 104 pages and a ten (10) page declaration by Plaintiff's counsel). Plaintiff's frivolous filing is par for the course based on his "***pattern of vexatious behavior***" in Goldwater's suit against Plaintiff in the Central District of California (the "California Action").[1] *Order Re. Mot. of Def. Elizarov For Sanctions* ("Sanctions Order"), *California Action* (C.D. Cal. Feb. 13, 2023), ECF No. 257, at 7 (emphasis in original). There, the Central District of California (the

---

[1] Goldwater filed the California Action on April 6, 2021, in the United States District Court for the Central District of California as *Goldwater Bank, N.A. v. Elizarov*, Case. No. 5:21–cv–00616–JWH–SPx.

"California Court") has repeatedly admonished Plaintiff and his counsel against continuing to "engage[] in a ***pattern of meritless filings*** that have served no purpose other than increasing litigation and imposing unnecessary costs on the parties and burden on this Court." *Order Re. Pl.'s Mot. for Attys.' Fees* ("Attorneys' Fee Order"), *California Action* (C.D. Cal. May 9, 2023), ECF No. 279, at 2 (emphasis in original); *id*. ("To understand why this Court now imposes monetary sanctions on Defendant Artur Elizarov for his frivolous motions—primarily through the conduct of Elizarov's attorney and domestic partner, co-Defendant Ilya Alekseyeff—one need simply review the history of this case."); *see also Order Denying Def.'s Mot. to Disqualify Magistrate Judge* ("Order Denying Disqualification"), *California Action* (C.D. Cal Mar. 13, 2023), ECF No. 265, at 2 ("After filing seven previous motions and *ex parte* applications, including several relating to discovery issues, Elizarov now moves to disqualify Magistrate Judge Pym . . . Elizarov's instant motion is ***flagrantly frivolous***[.]") (emphasis in original); *id*. at 6 ("Elizarov and his counsel are ***admonished not to make any more frivolous motions in this action***, particularly those containing baseless allegations against officers of the court.") (emphasis in original).

Just as he did in the California Action, Plaintiff now seeks to "waste this Court's time and resources with frivolous [] arguments[.]" *Sanctions Order*, at 7. Plaintiff's ill intent in these proceedings is further evidenced by his counsel's email to Attorney Robinson—sent within hours of filing this Opposition. Robinson Decl., Ex. 1, attached as **Exhibit A**. There, Plaintiff's counsel states that he seeks to suspend briefing—and, thus, a ruling—on Defendants' Motion to Dismiss his frivolous case. *Id*. ("[A]t the time I file the motion [to disqualify Attorney Robinson], I will also file an emergency motion to suspend the briefing schedule regarding your motion to dismiss until after the court rules on my motion to disqualify."). This Court should not permit Plaintiff's attempts to waste judicial time and resources, stall litigation, and drive-up litigation costs.

Despite the fact he bases this entire Opposition on alleged conduct in the California Action, Plaintiff knows he cannot bring the frivolous arguments in his Opposition before the California Court without facing further sanctions. Beyond its repeated reprimands against Plaintiff and his counsel, the California Court has **twice** imposed sanctions on Plaintiff. *Sanctions Order*, at 10 ("Instead of heading the Court's warning, Elizarov chose instead to consume additional judicial resources with the instant meritless Motion.") (emphasis added); *Order Granting in Part and Denying in Part Mot. for Sanctions*, *California Action* (C.D. Cal. May 5, 2023), ECF No. 277 (granting Goldwater attorneys' fees for Elizarov's failure to comply with the California Court's discovery order). And as the California Court explained in ordering Plaintiff in this action to pay costs and attorneys' fees for his "improper and legally baseless Rule 11 Motion":

> Alekseyeff is an experienced public defender, with over 16 years of experience practicing law in California. From Alekseyeff's years of experience, this Court can assume that he knows the difference between a reasonable motion and one that is baseless and without merit. For Elizarov to protest in his instant Opposition that the Court has made it 'impossible for Elizarov and his counsel to determine what they must do to improve' strains the Court's credulity. The Court has patiently and repeatedly informed Elizarov how his and his counsel's conduct have swerved into unacceptable territory.

*Attorneys' Fees Order*, at 11–12. So, despite his counsel knowing better, Plaintiff now seeks to circumvent the California Court and waste this Court's time and judicial resources by filing the frivolous Opposition.

Attorneys Wagner and Shergill have properly sought *pro hac vice* admission to this Court in accordance with Local Rule 4(b). The Eleventh Circuit standard for denying *pro hac vice* admission cannot be met here as Attorney Wagner and Attorney Shergill have not engaged in any unethical conduct rising to a level that would justify disbarment. Plaintiff does not—and cannot—show otherwise. Thus, the Court should grant the Motions and permit Attorneys Wagner and Shergill to appear *pro hac vice* on behalf of Defendants in this action.

## ARGUMENT

The Southern District of Florida's Local Rule 4(b) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys states:

> An attorney who is a member in good standing of the bar of any United States Court, or of the highest Court of any State or Territory or Insular Possession of the United States, but is not admitted to practice in the Southern District of Florida may, upon submission of a pro hac vice motion filed and served by co-counsel admitted to practice in this District, be permitted to appear and participate in a particular case.

An attorney seeking to appear *pro hac vice* must (1) certify that [s]he has studied the Local Rules, (2) pay any applicable appearance fee, (3) not be engaged in general practice in the Southern District of Florida, and (4) designate at least one attorney admitted to the Southern District of Florida as local counsel. *Id*.

Attorneys Wagner and Shergill have satisfied these requirements. *See generally* Wagner Mot.; Shergill Mot. Plaintiff agrees. Instead—continuing down his path of vexatious litigation with frivolous filings—Plaintiff argues that Attorneys Wagner and Shergill should be precluded from representing Defendants in this action because Attorney Wagner and a former Wagner Hicks attorney allegedly "violated four separate rules of professional conduct." Opp. at 7. No such violations occurred. As set forth more fully below, Plaintiff makes no accusations as to Attorney Shergill and makes only false, unsupported accusations—several years after the fact and to an entirely different court—relating to Attorney Wagner's representation of Goldwater in the California Action. Thus, the Court should grant the Motions and allow Attorneys Wagner and Shergill to appear *pro hac vice*.

**A.     The Court Should Grant the Shergill Motion**

Despite citing to Eleventh Circuit precedent requiring district courts to make findings regarding an attorney's conduct in denying an attorney's *pro hac vice* application, Plaintiff's

4

Opposition is silent regarding *any* conduct taken by Attorney Shergill. Opp. at 5–7 (setting forth "Standard of Review"); *see generally* Opp. Instead, Plaintiff merely asserts: "[I]f this court concludes that Wagner, while representing Goldwater Bank in the California litigation, violated California Rules of Professional Conduct, this court may find Wagner (and, therefore, his associate Shergill) unqualified for practice and deny the application." Opp. at 7; *see also* Opp. at 8–9 ("Therefore, the court should find that even before applying for admission *pro hac vice* in California, Wagner had already violated California Rules of Professional Conduct and should DENY Wagner's and his new associate [name's] application to appear pro hac vice."). But Plaintiff offers no support for his conclusion that the Court should deny Attorney Shergill's *pro hac vice* application based on purported violations of another attorney. Nor can he. Eleventh Circuit law is clear: "Absent a showing of unethical conduct rising to a level that would justify disbarment, the court must admit the attorney." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d. 1553, 1567 (11th Cir. 1997). There clearly can be no showing of unethical conduct where Plaintiff does not purport Attorney Shergill engaged in *any conduct*, let alone unethical conduct. The Court should therefore grant the Shergill Motion, as Attorney Shergill undisputedly meets the requirements set forth in Local Rule 4(b),

**B.    The Court Should Grant the Wagner Motion**

Throughout the Opposition, Plaintiff alleges that Attorney Wagner and a former Wagner Hicks attorney engaged in unethical and unlawful behavior in connection with their representation of Goldwater in the California Action. Just like in the California Action, Plaintiff spews defamatory accusations that are categorically false and unsupported. Moreover, Plaintiff does not even try to show how the conduct he falsely accuses Attorney Wagner of engaging in "ris[es] to a level that would justify disbarment" as required by the Eleventh Circuit. *Schlumberger*, 113 F.3d at 1561. Instead, Plaintiff spends more than ten (10) pages block quoting various states' rules of

5

professional conduct, misrepresenting facts, citing to his own declaration as supporting evidence for identical conclusions, and relying upon attorney-client privileged communications. Plaintiff should not be permitted to continue his pattern of frivolous filings and vexatious litigation in this forum, having been admonished and sanctioned for the same behavior in the California Action. *See e.g., Sanctions Order*, at 2 ("Despite this Court's numerous admonitions, Elizarov continues down a path of frivolous filings"). The Court should reject Plaintiff's flagrantly false accusations and thinly veiled attempt to manipulate various state's Rules of Professional Conduct to burden this Court and increase litigation costs. Rather, the Court should grant Attorney Wagner's application to appear *pro hac vice* in this matter.

1. The Demand Letter Did Not Improperly Threaten Plaintiff

Recycling an accusation disregarded as meritless by the California Court, Plaintiff claims that a former Wagner Hicks attorney violated California Rule of Professional Conduct 3.10 "because [he] explicitly threatened to report Elizarov to California Department of Real Estate unless Elizarov agreed to pay Bast's client, Goldwater Bank, $675,000.00." Opp. at 8; *see Opp. to Mot. for Prelim. Injunction*, *California Action* (C.D. Cal. Apr. 28, 2021), ECF No. 30, at p. 11–12 (citing to Rule 3.10(a) and claiming the Demand Letter "illegally threatened to report Elizarov to the California Department of Real Estate"); *Amended and Extended TRO and Order to Show Cause Re Prelim. Injunction*, *California Action* (C.D. Cal. May 4, 2021), ECF No. 32 (refusing to address Plaintiff's accusation). To support his conclusion, Plaintiff only highlights two sentences, in two different paragraphs, in a screenshot image of Goldwater's Demand for Transfer of Proceeds of Property Sale sent to Plaintiff on April 1, 2021 (the "Demand Letter"). Opp. at 8.

The clear language in the Demand Letter, including in the excerpt provided in the Opposition, shows no impermissible threat was made. Rather, the Demand Letter makes clear that Plaintiff's conduct in wrongfully retaining funds owed to Goldwater is a violation of law and states

6

only that counsel "may bring this matter to the attention of the California Department of Real Estate" if Plaintiff's unlawful conduct continued. Opp., Ex. 1, at 3. As the California Bar makes clear, this statement is clearly permissible and does not violate Rule 3.10. Cal. Rules of Prof'l. Conduct, R. 3.10, Comment [1] ("[I]f a lawyer believes in good faith that the conduct of the opposing lawyer or party violates criminal or other laws, the lawyer may state that if the conduct continues the lawyer will report it to criminal or administrative authorities.").

2. Counsel Was Not Intentionally Deceived

Goldwater issued a subpoena *duces tecum* to the California Employment Development Department (the "EDD") in connection with its claim that Plaintiff fraudulently represented his only source of income was $1,050 in weekly unemployment benefits on his mortgage assistance application. *Amended Complaint, California Action* (C.D. Cal. May 27, 2021), ECF No. 44, at ¶¶ 39–44. According to Plaintiff, a former Wagner Hicks attorney orally agreed to stop service of the subpoena. Opp. at 14. Based on nothing more than the fact the EDD responded, Plaintiff leaps to the conclusion that the former Wagner Hicks attorney must have "deliberately lied to Alekseyeff when [he] stated that [he] had stopped service of the subpoena." *Id*. But Plaintiff assumes wrongdoing where there is none. Service of the subpoena was indeed cancelled on August 8, 2022—the same day Plaintiff's counsel alleges he spoke with the former Wagner Hicks attorney. *See* Knierman Decl., Ex. 1, attached as **Exhibit B**; Opp. at 14.

3. Attorney Wagner Did Not Offer False Evidence or Knowingly Make False Statements to A Tribunal

Citing only to his declaration stating the same, Plaintiff's counsel falsely claims that—over ten months ago—Attorney Wagner "explicitly asked Alekseyeff to have Elizarov say that [a co-defendant] knew about Goldwater's unrecorded deed of trust" in connection with the California Action. Opp. at 16 (citing to Alekseyeff Decl. at ¶ 39) ("During that call, which lasted forty-two

minutes, Wagner explicitly asked me to have Elizarov say that [co-defendant] Howlett knew about Goldwater's unrecorded Deed of Trust."). Plaintiff's counsel states that he "immediately reported Wagner's efforts to extract a false statement to [Plaintiff] who similarly refused to make any false statements" and "eventually reported Wagner's conduct to counsel for [co-defendant.]" *Id*. To support these statements, Plaintiff's counsel again refers to his own declaration stating the same. *Id*. Plaintiff's counsel also includes privileged attorney-client communications as an exhibit to his declaration. *Id*. (citing to Aleyseyeff Decl. at ¶ 44) ("I recognize the one-page document marked as 'Plaintiff's Exhibit 18' is a screen shot of the text message that I sent to Elizarov on March [sic] 17, 2022, at the conclusion of phone call with Wagner, which I personally took of [sic] my phone on November 15, 2022."); Alekseyeff Decl., Ex. 18.

These defamatory allegations of misconduct against Attorney Wagner are merely a continuation of Plaintiff's repugnant pattern of making false and unfounded accusations in connection with frivolous filings the California Action to distract from the merits. *See, e.g., Order Denying Disqualification*, at 5 ("Elizarov and his counsel are cautioned against baseless allegations against judicial officers and are reminded of their obligations under L.R. 83-3.1.2 . . . and under State Bar of California Rule 8.2(a)[.]"). A pattern for which the California Court has repeatedly admonished Plaintiff and his counsel, and imposed sanctions on Plaintiff. *See, e.g., id*. at 6 ("Elizarov and his counsel are ***admonished not to make any more frivolous motions in this action***, particularly those containing baseless allegations against officers of the court.") (emphasis in original). Tellingly, Plaintiff does not claim to have notified the California Court of the alleged statements. Because the accusations are undeniably false. And Plaintiff knows he would face further admonitions and sanctions for providing these untrue, defamatory accusations to the

8

California Court. To be sure, Attorney Wagner vehemently denies ever asking, encouraging, or pressuring Plaintiff's counsel to instruct his client to present false testimony.

Plaintiff also does not explain how his outrageous allegations show that Attorney Wagner violated California Rules of Professional Conduct 3.3(a)(1) and 3.3(a)(3) and North Carolina Rules of Professional Conduct 3.3(a)(1) and 3.3(a)(3), which prohibit an attorney from "knowingly making a false statement of fact or law to a tribunal" and "offer[ing] evidence that the lawyer knows to be false." Plaintiff does not point to any statement Attorney Wagner *made to the California Court* or any *offer of evidence* by Attorney Wagner. Instead, he bases his frivolous argument on unequivocally false accusations of statements allegedly made to Plaintiff's counsel. Thus, the Court should reject Plaintiff's improper attempt to unacceptably defame Attorney Wagner, waste this Court's time and resources, and drive-up litigation costs.

4. Attorney Wagner Did Not Engage in The Unauthorized Practice of Law

Plaintiff's Opposition frivolously accuses, without merit, Attorney Wagner of "unlawfully represent[ing] Goldwater Bank's Arizona-based employees at their respective depositions" in connection with the California Action. Opp. at 9. In asserting this serious accusation, Plaintiff cites to inapplicable caselaw and intentionally omits the portion of the Arizona Professional Rule of Conduct *specifically permitting* Attorney Wagner's representation of Goldwater's employees in their depositions. Notably, Plaintiff quotes only to Arizona Rule of Professional Conduct 5.5(c),[2] which governs when a lawyer admitted in another jurisdiction may provide legal services "on a temporary basis in Arizona ***that involve Arizona law***[.]" (emphasis added). But the depositions of Goldwater's employees in the California Action unquestionably involved

---

[2] The Opposition incorrectly attributes this quote to Arizona Supreme Court Rule 31.3(e)(6)(B), which states: "An attorney licensed in another jurisdiction may engage in conduct that is permitted under ER 5.5 of the Arizona Rules of Professional Conduct."

9

*California* law, not Arizona law. Thus, the applicable exception here is Arizona Rule of Professional Conduct 5.5(d): "A lawyer admitted in another United States jurisdiction, . . . not disbarred or suspended from practice in any jurisdiction may provide legal services in Arizona that ***exclusively involve federal law, the law of another jurisdiction, or tribal law***." (emphasis added). Attorney Wagner is licensed to practice and in good standing in several jurisdictions, including North Carolina. He therefore was specifically permitted to represent Goldwater's Arizona employees at their depositions by Arizona Rule of Professional Conduct 5.5(d) and did not violate either North Carolina or California's Rules of Professional Conduct.

Plaintiff does not—because he cannot—make any further accusations regarding alleged unauthorized practice of law against Wagner. Instead, Plaintiff continues his frivolous and meritless accusations against a former Wagner Hicks employee, *who does not seek to be admitted in this action*. It is unclear why Plaintiff makes these serious accusations, except to further waste the Court's time and resources, harass Defendants and Defendants' counsel, and increase litigation costs. In any event, the accusations are baseless as responding to the subpoenas issued in the California Action does not violate either Georgia or New Mexico's Rules of Professional Conduct. *See* Georgia Rule of Professional Conduct 5.5(c)(2); New Mexico Rule of Professional Conduct 16–505(F)(2). The Court should not give credence to Plaintiff's incredulous accusations and instead should grant Attorney Wagner's Motion.

## CONCLUSION

For the foregoing reasons, Attorney Robinson respectfully requests the Court grant the Motions, and allow Attorneys Wagner and Shergill to appear before this Court *pro hac vice* on behalf of Defendants in this Action.

Dated:   September 7, 2023                            Respectfully submitted,

By:   *s/Dwayne A. Robinson*
Dwayne A. Robinson, Esq. (FL Bar No. 99976)
KOZYAK TROPIN & THROCKMORTON.
2525 Ponce de Leon Blvd, FL 9
Miami, Florida 33134
Telephone: (305) 377-0659
drobinson@kttlaw.com

and

SEAN C. WAGNER (*Pro Hac Vice Pending*)
Gursharon K. Shergill (*Pro Hac Vice Pending*)
WAGNER HICKS PLLC
831 E Morehead St, Suite 860
Charlotte, NC 28202
Telephone: (704) 705-7787
Fax: (704) 705-7787
sean.wagner@wagnerhicks.law
gursharon.shergill@wagnerhicks.law

***Attorneys for Weststar Mortgage Corporation and Goldwater Bank, N.A.***

11