IN THE UNITED STATES DISTRICT COURT
FOR FLORIDA SOUTHERN DISTRICT

| | |
|---|---|
| **ARTUR ELIZAROV,**<br><br>    Plaintiff,<br><br>vs.<br><br>**WESTSTAR MORTGAGE CORPORATION dba WESTSTAR LOAN COMPANY et al,**<br><br>    Defendants. | Case 0:23-cv-61669-ASH-AOV |

**EVIDENTIARY OBJECTIONS TO DECLARATION OF DALLAS KIERMAN [16-2]**

　　　　In their response to Elizarov's opposition to unlicensed out-of-state attorney's *pro hac vice* applications, defendants submitted a document entitled "DECLARATION OF DALLAS KNIERMAN," purporting to rebut Elizarov's evidence that Wagner Hicks PLLC attorneys attempted to deceive attorney Alekseyeff in the California litigation. This "declaration" is defective for two reasons.

　　　　First, to be admissible in lieu of a notarized affidavit, a declaration must be signed and dated. 28 USC § 1746; *Oliver v. Harden*, No. 3:11-CV-964-J-37MCR, 2013 WL 5744324, at *11 (M.D. Fla. Oct. 23, 2013), *aff'd,* 587 F. App'x 618 (11th Cir. 2014) (invalidating undated declaration); *Carter v. City of Douglas*, No. CV 514-74, 2016 WL 8730573, at *1 (S.D. Ga. Sept. 30, 2016) ("While the Court is aware that an unsworn affidavit may qualify as an unsworn declaration under 28 U.S.C. § 1746, such affidavits must be signed, in writing, and dated,

1

verifying that their content is 'true under penalty of perjury.'") This court's administrative procedure require "[d]ocuments that require original signature or that require either verification or a sworn declaration" to be signed on paper and scanned. Administrative Procedures 3J(2). Here, Knierman's "declaration'' was neither signed nor dates, which makes this document inadmissible as a declaration.

And second, although the "declaration" referenced another document as the supposed proof that the subpoena to EDD had been stopped, no such document was attached to the declaration.

Therefore, the court should SUSTAIN Elizazov's objection to Knierman's "declaration" and not consider it for any purpose.

Dated: 09/07/2023

*Ilya Alekseyeff*
ILYA ALEKSEYEFF
ilya@loia.legal
LOIA, INC.
801 S HOPE ST PH-14
LOS ANGELES, CA 90017
Tel: (213)537-4592

*Attorney for plaintiff Artur Elizarov*