UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61669-CIV-SINGHAL

ARTUR ELIZAROV,

    Plaintiff,

v.

WESTSTAR MORTGAGE CORPORATION
also known as WESTSTAR LOAN
COMPANY and GOLDWATER BANK, N.A.,

    Defendants.
_____

## ORDER

**THIS CAUSE** has come before the Court upon the Motion for Admission Pro Hac Vice (DE [10]) and (DE [11]) filed by Defendants seeking admission pro hac vice of attorneys Sean C. Wagner and his associate, Gursharon K. Shergill, respectively. Plaintiff opposes the motions on the grounds that (1) Wagner and a former associate (who does not seek admission in this case) threatened to report Plaintiff, a licensed California real estate broker, to the California Department of Real Estate *unless* Plaintiff paid Defendant $675,000; and (2) Wagner and a former associate unlawfully represented witnesses and business associates in states where the attorneys were not admitted to practice.  Plaintiff filed an Opposition to the Motions (DE [12]), and Defendants filed a Reply in support of their Motions (DE [16]).  The Motions are ripe for this Court's consideration.

    The rule governing attorney admission pro hac vice in this district grants the Court discretion to permit appearance by out-of-state counsel:

> (1) Any attorney who is a member in good standing of the Bar of any United States Court, or of the highest Court of any State or Territory or Insular Possession of the United States, but is not admitted to practice in the Southern District of Florida may, upon written application filed by counsel admitted to practice in this District, be permitted to appear and participate in a particular case. A certification that the applicant has studied the Local Rules shall accompany the application together with such appearance fee as may be required by administrative order. If permission to appear pro hac vice is granted, such appearance shall not constitute formal admission or authorize the attorney to file documents via CM/ECF.

Local Rule 4(b)(1), Special Rules Governing the Admission and Practice of Attorneys of the United States District Court for the Southern District of Florida (emphasis added).  Admission to appear pro hac vice, therefore, remains discretionary with the Court even where all of the enumerated requirements are met.  The Court has considered the motions as well as Plaintiff's objections.  This Court also understands from Defendants' Reply that Plaintiff has, in a previous litigation, filed a series of frivolous motions.  *See* (Defs.' Reply (DE [16] at 2).  Plaintiff even appears to have been twice sanctioned in connection with a "pattern of vexatious behavior," including the filing of several meritless motions.  *See id.*  This Court has little tolerance for frivolous motion practice and, for the reasons discussed below, Defendants' Pro Hac Vice motions (DE [10]) and (DE [11]) are **GRANTED**.

   I.   <u>Attorney Gursharon K. Shergill</u>

Plaintiff's Opposition references only Attorney Sean C. Wagner and his former associate, Derek Blast.  None of the allegations pertain to Shergill and Plaintiff provides no persuasive reason as to why the alleged actions by Wagner should be imputed to Shergill.  Accordingly, the Court, in its discretion, will grant Gursharon K. Shergill's Motion to appear Pro Hac Vice (DE [11]).

   II.   <u>Attorney Sean C. Wagner</u>

Plaintiff opposes Attorney Sean C. Wagner's Motion for Pro Hac Vice partly on the grounds that Wagner threatened to report Plaintiff to the California Department of Real Estate *unless* Plaintiff paid Defendant $675,000. The supposed threat occurred in the context of a separate litigation between the parties, filed in the United States District Court for the Central District of California. *See Goldwater Bank, N.A. v. Elizarov*, Case. No. 5:21–cv–00616–JWH–SPx (the "California Litigation"). In support of its argument, Plaintiff includes the below excerpt of his communications with Wagner:

> We are also aware that you are a real estate broker licensed to do business in the State of California (License ID # 01954357). The fact that you are a real estate professional makes your wrongful retention of the funds particularly egregious, as you are surely well aware of your rights and responsibilities to pay off lienholders on a real estate transaction. If this matter is not promptly resolved, we may bring this matter to the attention of the California Department of Real Estate.
>
> Goldwater demands the promised funds of $675,000 be immediately returned to Goldwater. I have attached a copy of the wiring instructions by which the funds can be returned to Goldwater as **Exhibit 1**. If the funds are not returned by **5:00 p.m. PST tomorrow, on April 2, 2021**, Goldwater will be initiating litigation against you to foreclose on the Loan and seek a judgment against you for the full amount of the Loan and other damages allowed by law and the Loan documents, including Goldwater's attorney's fees.

(Pl.'s Opp. (DE [12] at 7)). Though Plaintiff presents the above as evidence of an "unequivocal threat" made by Wagner to Plaintiff, the Court declines to read it as such. Wagner's admonition that Defendants "may" bring Plaintiff's conduct to the attention of the California Department of Real Estate is, as Defendants contend, well within the California Rules of Professional Conduct. Cal. Rules of Prof'l. Conduct, R. 3.10, Comment [1] ("[I]f a lawyer believes in good faith that the conduct of the opposing lawyer or party violates criminal or other laws, the lawyer may state that if the conduct continues the lawyer will report it to criminal or administrative authorities.").

Plaintiff also argues that, in the California Litigation, Wagner unlawfully represented Arizona-based witnesses without an active license to practice in that

jurisdiction. Defendants counter that Wagner complied with Arizona Rule of Professional Conduct 5.5(d), which states that "[a] lawyer admitted in another United States jurisdiction, . . . not disbarred or suspended from practice in any jurisdiction may provide legal services in Arizona that exclusively involve federal law, the law of another jurisdiction, or tribal law." Wagner is, according to Defendants, a member in good standing of several jurisdictions. As such, this Court agrees with Defendants and, in its discretion, **GRANTS** Attorney Sean C. Wagner's Motion to Appear Pro Hac Vice (DE [10]). Accordingly, It is hereby

**ORDERED AND ADJUDGED** that the Motion for Admission Pro Hac Vice for Sean C. Wagner (DE [10]) and the Motion for Admission Pro Hac Vice for Gursharon K. Shergill (DE [11]) are GRANTED.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 8th day of September 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF